STATE OF NORTH CAROLINA v. PAMELA WARLICK GRANT

No. 67A95

(Filed 10 May 1996)

**Homicide § 588 (NCI4th)— battered woman syndrome—self-defense instruction not appropriate**

Evidence presented by the defendant in a first-degree murder trial that she suffered from battered woman syndrome did not entitle defendant to an instruction on self-defense.

**Am Jur 2d, Homicide §§ 519-521.**

**Duty of trial court to instruct on self-defense, in absence of request by accused. 56 ALR2d 1170.**

**Homicide: modern status of rules as to burden and quantum of proof to show self-defense. 43 ALR3d 221.**

**Standard for determination of reasonableness of criminal defendant's belief, for purposes of self-defense claim, that physical force is necessary—modern cases. 73 ALR4th 993.**

**STATE v. GRANT**

[343 N.C. 289 (1996)]

Justice PARKER concurring.

Justice ORR did not participate in the consideration or decision of this case.

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life imprisonment entered by Allen (C. Walter), J., at the 18 July 1994 Criminal Session of Superior Court, Cleveland County, upon a jury verdict of guilty of first-degree murder. Heard in the Supreme Court on 10 October 1995.

The defendant was tried noncapitally for the murder of her husband. In her confession, which was introduced into evidence, she said that on 26 July 1992 at approximately 9:30 a.m., she stabbed her husband while he was asleep on a couch. He awoke and said, "I ought to kill you." She then removed a .357 Magnum revolver from a cabinet and shot her husband three times. A forensic pathologist testified that in addition to the stab wound, there were three bullet wounds, one of which was to the brain of the deceased. In his opinion, the stab wound would not have immobilized the deceased for two or three minutes, but the wound to the brain would have rendered him unconscious immediately. Either of the two wounds would have been fatal.

The defendant introduced evidence including her own testimony of the egregious conduct by the deceased toward her over a period of years, which made her life unbearable. Dr. Thomas Toy, a practicing psychologist, testified that the defendant was suffering from the battered woman syndrome. Dr. Toy testified that in his opinion, the defendant did not know the difference between right and wrong in relation to her acts when she killed her husband.

The defendant was found guilty of first-degree murder and sentenced to life in prison. She appealed to this Court.

*Michael F. Easley, Attorney General, by Jeffrey P. Gray, Assistant Attorney General, for the State.*

*C. A. Horn for the defendant-appellant.*

WEBB, Justice.

The only assignment of error brought forward by the defendant is the failure of the court to charge on self-defense. She contends that the evidence that she was suffering from the battered woman syndrome entitled her to such a charge.

The defendant concedes that *State v. Norman*, 324 N.C. 253, 378 S.E.2d 8 (1989), is contrary to her position. She asks us to overrule *Norman*.

The arguments the defendant advances as to why evidence that she suffered from the battered woman syndrome entitles her to a charge on self-defense were answered in *Norman*. We see no reason to change our position.

NO ERROR.

Justice ORR did not participate in the consideration or decision of this case.

Justice PARKER concurring.

I concur in the majority opinion; but having authored the majority opinion in the Court of Appeals in *State v. Norman*, 89 N.C. App. 384, 366 S.E.2d 586 (1988), *rev'd*, 324 N.C. 253, 378 S.E.2d 8 (1989), I write this separate opinion to note that I am now bound by this Court's precedent in *Norman. State v. Norman*, 324 N.C. 253, 378 S.E.2d 8 (1989).